LILES, Judge.
Appellant, defendant in the trial court, appeals from an order denying his motion filed in proper person entitled “motion to correct sentence.” The trial court denied defendant’s motion on the grounds that the allegations contained in said motion were the same as those made in a previous motion which was denied after an eviden-tiary hearing.
Appellant was informed against in Polk County on February 17, 1966, and charged with uttering and passing a forged instrument, breaking and entering with intent to commit a felony, to-wit: grand larceny and petit larceny, and another information charging him with uttering and *834 passing a forged instrument on March 17, 1966. The public defender was appointed to represent defendant in all of these charges to which defendant plead guilty.
Appellant was sentenced in case no. 11944, uttering and passing a forged instrument to two years at hard labor. He was sentenced in case no. 13S42, breaking and entering and grand larceny, to two years to run consecutively with case no. 11944; and on the charge of petit larceny he was sentenced to sixty days in the county jail to run concurrently with the sentence on the breaking and entering and the grand larceny. He was sentenced in case no. 13543, uttering and passing a forged instrument, to two years to run consecutively with the sentence in case no. 13542.
Appellant then filed in proper person a motion to vacate and set aside sentence and alleged, among other things, that he could not have been guilty of the crime of uttering and passing a forged instrument on March 17, 1966, because he was in the custody of the Polk County Sheriff’s Department. The trial judge granted appellant an evidentiary hearing upon his motion and treated the motion as going to all of the offenses for which he had plead guilty. The trial judge found him to be insolvent and appointed private counsel to represent him at the evidentiary hearing on his motion to set aside and vacate sentence.
At the evidentiary hearing, testimony was taken and witnesses were examined. At the conclusion of this hearing, the trial judge denied appellant’s motion to vacate and found him in contempt of his court and entered an order sentencing him to an additional two years in the state penitentiary to commence “at expiration of the sentence heretofore imposed in the above styled cases.” Following the eviden-tiary hearing and entry of the order denying the motion to vacate, appellant filed a motion to correct sentence which was denied for the same reasons as the motion to vacate. From the denial of the motion to correct sentence appellant appeals.
Criminal Procedure Rule 1.850, 33 F.S.A. forbids a court to entertain a motion which involves assertions made in a previous motion. The motion here appealed from is substantially the same as one which the lower court had previously entertained, therefore the lower court’s action must be affirmed.
We have studied the record as well as the briefs submitted by both the State and the attorney appointed to represent appellant in his appeal from the order denying the motion to correct sentence, and finding no error we affirm.
HOBSON, C. J., and PIERCE, J., concur.